# Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br><div align="right">*Debtors.*</div> | **CHAPTER 11**<br><br>**CASE NO. 08-13555 (JMP)** |
| MOORE MACRO FUND, LP, MOORE MACRO MARKETS FUND (MASTER), LP, SJL MOORE, LTD., JR MOORE, LP, LM MOORE LP, MF MOORE LP (formerly MOORE GLOBAL FIXED INCOME FUND (MASTER) LP), MOORE GLOBAL INVESTMENTS, LTD., MOORE EMERGING MARKETS FUND (MASTER) LP, MOORE CAPITAL ADVISORS, L.L.C., and TRADE PROCESS CORPORATION,<br><br><div align="right">*Plaintiffs,*</div><br>-against-<br><br>LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS SPECIAL FINANCING INC., and LEHMAN BROTHERS COMMERCIAL CORPORATION,<br><br><div align="right">*Defendants.*</div> | **ADVERSARY PROCEEDING NO: _____** |

## COMPLAINT

Plaintiffs Moore Macro Fund, LP, Moore Macro Markets Fund (Master), LP, SJL Moore, Ltd., JR Moore, LP,[1] LM Moore LP, MF Moore LP (formerly Moore Global Fixed Income Fund (Master) LP),[2] Moore Global Investments, Ltd., Moore Emerging Markets Funder (Master) LP, Moore Capital Advisors, L.L.C.,[3] and Trade Process Corporation, through their attorneys Schlam Stone & Dolan LLP and Teigland-Hunt LLP, allege the following for their Complaint against

---

[1] Plaintiffs Moore Macro Fund, LP, Moore Macro Markets Fund (Master), LP, SJL Moore, Ltd., and JR Moore, LP are collectively referred to as the "Assignee Plaintiffs".

[2] LM Moore LP and MF Moore LP (formerly Moore Global Fixed Income Fund (Master) LP) are collectively referred to as the "Assignor Plaintiffs".

[3] Moore Global Investments, Ltd., Moore Emerging Markets Funder (Master) LP, and Moore Capital Advisors, L.L.C. are collectively referred to as the "Intermediate Assignee Plaintiffs". MF Moore LP (formerly Moore Global Fixed Income Fund (Master) LP) is both an Assignor Plaintiff and an Intermediate Assignee Plaintiff.

Defendants Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers Special Financing Inc.

("LBSF"), and Lehman Brothers Commercial Corporation ("LBCC"):

<u>**NATURE OF THE ACTION**</u>

1.      This is an adversary proceeding through which Plaintiffs seek a judgment

declaring that Plaintiffs' calculations of amounts that the parties owed to each other under swap

agreements are valid and that Plaintiffs' pre-petition assignments of amounts owed to Assignor

Plaintiffs under swap agreements with Defendant LBSF were properly used to offset amounts

owed by Assignee Plaintiffs to Defendant LBSF.

2.      The calculations were governed by, and the pre-petition assignments were based

upon amounts owed under, International Swap Dealers Association, Inc. Master Agreements

("ISDAs") entered into in July 2008 between certain Plaintiffs, on one side, and LBSF on the

other.  The ISDAs expressly addressed the manner in which the Plaintiffs' calculations should be

performed and authorized both the assignments by Assignor Plaintiffs and Intermediate Assignee

Plaintiffs to Assignee Plaintiffs and the subsequent setoffs by Assignee Plaintiffs of those

assigned amounts against amounts owed by Assignee Plaintiffs to LBSF under the ISDAs.  After

receiving the assignments and applying the setoffs, Assignee Plaintiffs paid nearly $60 million to

LBSF's estate to settle up all Assignee Plaintiffs' outstanding obligations to LBSF.

3.      Still, LBSF wants more money, to which it and the other Defendants are not

entitled.  Defendant LBSF now says, nearly five years after Plaintiffs submitted their calculations

to LBSF, that it disagrees with Plaintiffs' calculations in a material way and believes LBSF is

owed another $20 million, which amount includes interest purportedly accrued over several

years.

4.      In doing so, LBSF is blatantly contradicting earlier statements by its

representatives that Plaintiffs' calculations were largely acceptable, containing only minor

discrepancies as compared to LBSF's own valuations under the subject ISDAs. By asserting this claim, LBSF is refusing to recognize either the validity of the pre-petition assignments to Assignee Plaintiffs or Assignee Plaintiffs' subsequent setoffs on the basis of such assignments. As a result, LBSF and the other Defendants have threatened to bring avoidance actions against Assignee Plaintiffs. Although it has been nearly six years since LBSF filed for bankruptcy protection, and four years since the Moore Entities, defined below, executed a tolling agreement at the Debtors' request, LBSF has yet to file suit. In effect, Defendants have sat on their hands— by neither filing threatened avoidance actions nor constructively attempting to resolve their issues with Plaintiffs' calculations (which issues they suddenly claim to be material)—while arguing that, notwithstanding LBSF's delays and inaction, LBSF is entitled to accrued compound interest at the extortionate rate of over 13% per annum.

5.      LBSF's time is up. Plaintiffs cannot wait indefinitely to see whether LBSF will bring threatened avoidance suits, especially when LBSF is claiming entitlement to interest compounding at over 13% per year. Therefore Plaintiffs seek a judicial determination that: (1) their calculations of the amounts owed under the subject ISDAs are valid; (2) the assignments they effected and the setoffs asserted by the Assignee Plaintiffs are enforceable, and (3) LBSF has no further claims against Plaintiffs under the subject ISDAs.

6.      Additionally, while Plaintiffs are not aware of any basis on which LBHI and LBCC could assert claims against them, those entities are named as Defendants here because they have asked Plaintiffs to sign tolling agreements concerning purported but as yet unidentified claims that they may have against Plaintiffs. Moreover, Fed. R. Bankr. P. 2004 subpoenas have been issued in all of the Defendants' names to several Plaintiffs, again suggesting that Lehman Debtors other than LBSF believe they have potential claims against the Plaintiffs (likely some

kind of avoidance claims with respect to the Agreements). Accordingly, out of an abundance of caution, for the sake of judicial efficiency, to preserve their own resources, and to have finality and certainty with regard to these calculations, assignments and set-offs, Plaintiffs require a judgment declaring that neither LBHI nor LBCC have claims against them under the subject ISDAs.

7.     In sum, LBSF and its affiliates are now claiming that for years Plaintiffs have owed LBSF an unsettled debt, but have failed to substantiate such claim or take steps to resolve or litigate this matter in any meaningful way. To the contrary, LBSF is now alleging a newly discovered, but still unsubstantiated, discrepancy in Plaintiffs' termination calculations in contradiction to earlier statements by LBSF representatives. Plaintiffs are entitled to closure. Defendants' conduct to date, and particularly the recent eleventh-hour, unsupported discrepancy allegations, has created a ripe dispute that requires judicial resolution.

## JURISDICTION

8.     On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") commenced a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

9.     After close of business on October 3, 2008, LBSF commenced a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

10.     On October 5, 2008 LBCC commenced a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

11.     The chapter 11 cases of LBHI and LBSF (among others) have been consolidated for procedural purposes only.

12.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O) and 28 U.S.C. § 2201.

13.     This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PARTIES

15.     Plaintiff Moore Macro Fund, LP ("MMF") is a Bahamian limited partnership with offices in New York.  Non-Party Moore Capital Management, LP ("MCM") is the investment manager for MMF.

16.     Plaintiff Moore Macro Markets Fund (Master), LP ("MMM") is a Bahamian limited partnership with offices in New York.  Non-Party MCM is the investment manager for MMM.

17.     Plaintiff SJL Moore, Ltd. ("SJL") is a Bahamian corporation with offices in New York.  Non-Party MCM is the investment manager for SJL.

18.     Plaintiff JR Moore, LP ("JR") is a Bahamian limited partnership with offices in New York.  Non-Party MCM is the investment manager for JR.  JR ceased doing business in March 2012.

19.     Plaintiff LM Moore LP ("LM") is a Bahamian limited partnership with offices in New York.  Non-Party MCM is the investment manager for LM.

20.     Plaintiff MF Moore LP (formerly Moore Global Fixed Income Fund (Master) LP) ("MF") is a Bahamian limited partnership with offices in New York.  Non-Party MCM is the investment manager for MF.

21.     Plaintiff Moore Global Investments, Ltd. ("MGI") is a Bahamian corporation with its principal place of business in New York.  Non-Party MCM is the investment manager for MGI.

22.     Plaintiff Moore Emerging Markets Funder (Master) LP, ("MEM") is a Bahamian limited partnership with offices in New York.  Non-Party MCM is the investment manager for LM.

23.     Plaintiff Moore Capital Advisors, L.L.C. ("MCA") a Delaware limited liability company with offices in New York.

24.     Plaintiff Trade Process Corporation ("TradePro") is a Delaware corporation. TradePro ceased doing business in 2009.

25.     Defendant LBHI is a Delaware corporation and a debtor-in-possession pursuant to the petition referenced in paragraph 8 with its principal place of business in New York, New York.

26.     Defendant LBSF is a Delaware corporation and a debtor-in-possession pursuant to the petition referenced in paragraph 9 with its principal place of business in New York, New York.

27.     Defendant LBCC is a Delaware corporation and a debtor-in-possession pursuant to the petition referenced in paragraph 10 with its principal place of business in New York, New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Plaintiffs enter into ISDA Master Agreements in July 2008

28.     On July 23, 2008, Plaintiff MMF entered into an ISDA Master Agreement with LBSF that was guaranteed by LBHI.

29.     On July 23, 2008, Plaintiff MMM entered into an ISDA Master Agreement with LBSF that was guaranteed by LBHI.

30.     On July 23, 2008, Plaintiff SJL entered into an ISDA Master Agreement with LBSF that was guaranteed by LBHI.

31.     On July 23, 2008, Plaintiff JR entered into an ISDA Master Agreement with LBSF that was guaranteed by LBHI.

32.     On July 23, 2008, Plaintiff LM entered into an ISDA Master Agreement with LBSF that was guaranteed by LBHI.

33.     On July 23, 2008, Plaintiff Moore Global Fixed Income Fund (Master), LP, now MF, entered into an ISDA Master Agreement with LBSF that was guaranteed by LBHI.

34.     For ease of reference, these six ISDAs dated July 23, 2008 will be referred to as the "Moore/Lehman ISDAs," and the Moore entities that were parties to the Moore/Lehman ISDAs will be referred to as the "Moore Entities."

35.     On or about July 25, 2008, LBHI executed separate individual guarantees guaranteeing the payment and performance of all of LBSF's obligations under the Moore/Lehman ISDAs.

**LBHI files for bankruptcy protection, which filing constitutes an Event of Default under the Moore/Lehman ISDAs**

36.     On September 15, 2008, LBHI filed a voluntary petition for bankruptcy protection.  This event constituted an "Event of Default" under each of the Moore/Lehman ISDAs.

37.     That same day, each of the Moore Entities sent LBSF a Notice of Event of Default and designated an Early Termination Date[4] under the Moore/Lehman ISDAs for all outstanding transactions thereunder.

38.     Following the designation of an Early Termination Date each Moore Entity made certain calculations pursuant to and in accordance with the Moore/Lehman ISDAs in order to close out and value the outstanding transactions with LBSF as of the Early Termination Date, and arrived at an early termination amount with respect to each Moore/Lehman ISDA.

**Plaintiffs exercise their rights of assignment and setoff against LBSF**

39.     On October 3, 2008, the Moore Entities executed the following assignments of the early termination amounts owed to the Moore Entities in respect of the Moore/Lehman ISDAs:

| Transferor | Transferee | Amount transferred and assigned |
|---|---|---|
| LM Moore, LP | Moore Macro Fund, LP | $3,961,065 |
| LM Moore, LP | Moore Global Fixed Income Fund (Master), LP | $2,636,910 |
| LM Moore, LP | Moore Emerging Markets Fund (Master), LP | $4,068,491 |
| LM Moore, LP | Moore Global Investments, Ltd. | $42,099 |
| LM Moore, LP | Moore Capital Advisors, L.L.C. | $45,402 |
| Moore Global Fixed Income Fund (Master), LP | Moore Macro Fund, LP | $2,636,910 |
| Moore Emerging Markets Fund (Master), LP | Moore Macro Fund, LP | $4,068,491 |
| Moore Global Investments, Ltd. | Moore Macro Fund, LP | $42,099 |
| Moore Capital Advisors, LLC | Moore Macro Fund, LP | $45,402 |
| Moore Global Fixed Income Fund (Master), LP | JR Moore, LP | $280,392 |
| Moore Global Fixed Income Fund (Master), LP | Moore Macro Markets Fund (Master), LP | $307,074 |

---

[4] As defined in the Moore/Lehman ISDAs.

| Transferor | Transferee | Amount transferred and assigned |
|---|---|---|
| Moore Global Fixed Income Fund (Master), LP | SJL Moore, Ltd. | $442,000 |

40. These assignments were authorized by Section 7(b) of the Moore/Lehman ISDAs.

41. Subsequent to the assignments referenced above, Assignee Plaintiffs exercised their rights of setoff against LBSF pursuant to Sections 6(e)-(f) of the Moore/Lehman ISDAs, Paragraph 8(b) of the Credit Support Annexes thereto, and Assignee Plaintiffs' rights at common law.

42. After the assignments to Assignee Plaintiffs were executed, LBSF filed a voluntary petition for bankruptcy.

**Plaintiffs send calculation statements and notices of amounts owed pursuant to the Moore/Lehman ISDAs**

43. Applying Assignee Plaintiffs' contractual and common-law setoff rights and adding interest accrued at the applicable rate resulted in a net payable in LBSF's favor under the MMF and MMM Moore/Lehman ISDAs. Therefore, on June 2, 2009 Plaintiff MMF sent LBSF a notice of amount owed and wired $57,829,517 to LBSF on or about June 2, 2009, and on August 25, 2009 Plaintiff MMM sent LBSF a notice of amount owed and wired $863,686 to LBSF on or about August 25, 2009.

**LBSF challenges the assignments and setoffs to Plaintiffs**

44. Plaintiffs sent LBSF support for their calculations of the early termination amounts as early as June 2009.

45. Beginning in 2009 LBSF engaged in preliminary discussions with Plaintiffs concerning the early termination amounts calculated by Plaintiffs. During those discussions, LBSF representatives objected to the validity of the assignments and setoffs but did not express any material disagreement with Plaintiffs' early termination payments or provide their own

calculations for such payments.  To the contrary, LBSF representatives stated that any perceived discrepancies in Plaintiffs' calculations would likely be minor and capable of being reconciled.

46.     LBSF then fell silent until recently.  In a May 1, 2014, e-mail sent in response to a letter from Moore expressing frustration with LBSF's delays, LBSF stated for the first time:  (1) its material disagreement with Plaintiffs' calculations of the early termination amounts; and (2) its position that LBSF is owed $20 million, which amount includes interest accrued over several years.

**LBHI and LBCC's potential claims against Plaintiffs**

47.     While Plaintiffs cannot conceive of any basis on which LBHI and LBCC could assert claims against them, those entities are named as Defendants here because they have asked Plaintiffs to sign tolling agreements and issued subpoenas to Plaintiffs.

48.     At the request of the Debtors, in September 2010, the Moore Entities entered into a tolling agreement, drafted by Debtors' counsel, which included LBHI and LBCC, among other Debtors, as parties, and pursuant to which the Moore Entities agreed to toll the applicable limitations periods for potential claims that all the named Debtors, including LBHI and LBCC, might assert against them.

49.      On May 7, 2014, the Debtors, which upon information and belief included LBHI and LBCC (they do not indicate on their face who issued them), issued eight subpoenas pursuant to Fed. R. Bankr. P. 2004 to JR, MF, SJL, LM, MMF, TradePro, MMM, and MCM for documents concerning Plaintiffs' assignments and setoffs executed under the Moore/Lehman ISDAs.

50.     On May 19, 2014, an LBHI representative sent another tolling agreement to Plaintiffs asking them to agree to toll the applicable limitations periods for potential claims that LBSF and LBCC might assert against Plaintiffs.

51.     In an May 27, 2014, e-mail from an LBHI representative responding to Plaintiffs' counsel's questions as to why a new tolling agreement was required and why particular entities were included, the LBHI representative responded:

> The short answers are that (i) the existing tolling agreement only tolls the period for avoidance actions (and their 2-year statute of limitations) while the complaint we would file would contain other causes of action (which have 6-year statutes of limitations) and (ii) I didn't want to miss any of the disputed derivative contracts, so I tried to cover them all regardless of which party owed a payment.

52.     By requesting tolling agreements and issuing subpoenas from unnamed debtors, it appears that the Defendants are intent on perpetuating their alleged claim that a debt remains owed by Plaintiffs to some Lehman entity.

53.     Plaintiffs therefore seek a declaration with respect to LBHI and LBCC to the extent those entities intend to assert claims against Plaintiffs.

## **FIRST CAUSE OF ACTION**

54.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs of this Complaint as if set forth in full herein.

55.     There is a ripe dispute between Plaintiffs and LBSF as to the rights and obligations concerning the Moore Entities' assignments and the Assignee Plaintiffs' setoff.

56.     In the last month LBSF has unexpectedly taken the position, in contradiction of statements made by its representatives years ago, that Plaintiffs' valuations of the terminated transactions and calculations of the early termination amounts owed under the Moore/Lehman ISDAs contain material errors.

57.     Although Assignee Plaintiffs validly set-off amounts owed to LBSF subsequent to permitted pre-petition assignments, LBSF has nevertheless threatened to bring claims against Plaintiffs for $20 million beyond the nearly $60 million Plaintiffs already paid to LBSF, based in part on LBSF's unsupported position that the pre-petition assignments and set-offs are not enforceable.

58.     Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiffs require a judgment declaring that: (a) the early termination amounts were calculated in accordance with the Moore/Lehman ISDAs and are correct; (b) the pre-petition assignments were valid; and (c) such assigned amounts were properly used to set-off the amounts owed to LBSF under the Moore/Lehman ISDAs, with the result being that Assignee Plaintiffs owe no debt or payment to LBSF under the subject ISDAs.

## SECOND CAUSE OF ACTION

59.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs of this Complaint as if set forth in full herein.

60.     There is a ripe dispute between Plaintiffs and LBHI and LBCC as to the rights and obligations concerning the Moore/Lehman ISDAs.

61.     Although Plaintiffs do not believe LBHI and LBCC could properly assert any claims against them, LBHI and LBCC have taken actions suggesting that they intend to assert such claims.

62.     Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiffs require a judgment declaring that neither LBHI nor LBCC have claims against Plaintiffs.

WHEREFORE, Plaintiffs demand relief as follows

i.     On the FIRST CAUSE OF ACTION a declaratory judgment that (a) the early termination amounts were calculated in accordance with the Moore/Lehman ISDAs and are

correct; (b) the pre-petition assignments were valid; and (c) such assigned amounts were properly used to set-off the amounts owed to LBSF under the Moore/Lehman ISDAs, with the result that Assignee Plaintiffs owe no debt or payment to LBSF;

    ii.      On the SECOND CAUSE OF ACTION a declaratory judgment that neither LBHI nor LBCC have claims against Plaintiffs; and

    iii.      Costs and attorneys' fees, along with such other and further relief as the Court deems just.

Dated: New York, New York
       May 30, 2014

**SCHLAM STONE & DOLAN LLP**

By: /s/ Bennette D. Kramer
Bennette D. Kramer
Jeffrey M. Eilender
Erik S. Groothuis
Samuel L. Butt
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: bdk@schlamstone.com
E-Mail: jme@schlamstone.com
E-Mail: egroothuis@schlamstone.com
E-Mail: sbutt@schlamstone.com

**TEIGLAND-HUNT LLP**

By: /s/ Lauren Teigland-Hunt
Lauren Teigland-Hunt
127 West 24th Street
New York, New York 10011
Telephone: (212) 269-1600
Facsimile: (212) 269-1580
*Attorneys for Plaintiffs*